UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AHMAD JEBRIL, #31943-039,

                Petitioner,

                                        Case No. 08-10151

     -vs-                                Hon. MARIANNE O. BATTANI

                                        Magistrate Judge CHARLES BINDER

C. EICHENLAUB, et al.,

                Respondent(s).

_____/

## MOTION TO DISMISS
## PETITION FOR WRIT OF HABEAS CORPUS

      For the reasons stated in the attached brief, the Court should dismiss this petition for writ

of habeas corpus.

                                   Respectfully submitted,

                                   STEPHEN J. MURPHY
                                   United States Attorney

                                   s/ PATRICIA GAEDEKE (P37319)
                                   Assistant U.S. Attorney
                                   211 West Fort Street, Suite 2001
                                   Detroit, MI  48226
                                   313-226-9516
                                   Patricia.Gaedeke@usdoj.gov

Dated: February 13, 2008

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AHMAD JEBRIL, #31943-039,

                Petitioner,

                                  Case No. 08-10151

    -vs-                            Hon. MARIANNE O. BATTANI
                                    Magistrate Judge CHARLES BINDER

C. EICHENLAUB, et al.,

                Respondent(s).

_____/

BRIEF IN SUPPORT OF
MOTION TO DISMISS PETITION FOR
WRIT OF HABEAS CORPUS

ISSUE

Whether petitioner's application for habeas relief should be dismissed because his

transfer to the Three Rivers Correctional Institution in Texas effectively mooted Jebril's

complaint that challenged his placement in the special housing unit at FCI-Milan?

STATEMENT OF FACTS

Petitioner Ahmad Jebril is a federal prisoner confined at the Federal Correctional

Institution (FCI), Three Rivers, Texas.[1]  He was first sentenced on December 12, 2005, by the

United States District Court for the Eastern District of Michigan (Rosen, J.) to a 70-month term

of imprisonment for conspiracy to defraud, felon in possession of a firearm and ammunition,

mail fraud, wire fraud, aiding and abetting, bank fraud, money laundering, aiding and abetting,

willful failure to file income tax returns, and fraudulent use of a social security number. (Exhibit

_____

  [1]  Jebril was transferred from FCI-Milan to FCI-Three Rivers in August 2007.  (Exhibit 1,
Inmate Data Sheet)

2, Judgment in Case No. 03-CR-80810).  On February 28, 2007, he received a second sentence

of 47 months, concurrent with case no. 03-80810, and 30 months consecutive for bribery of a

public official, aiding and abetting, and commission of offense while on release.  (Exhibit 3,

Judgment in Case No. 05-CR-80175).

On June 6, 2007, Jabril filed an administrative remedy request with the warden at FCI-

Milan claiming that he was being discriminated against because he is Muslim and asking that a

hold be placed on his transfer because he wanted to be placed in a camp or remain at Milan.

(Petitioner's Exhibit 1, Request for Administrative Remedy).  In denying the request, the warden

responded:

> [y]ou have been referred for a transfer as a result of an SIS
> investigation for attempting to organize private religious meetings
> at FCI Milan.  It has been determined you are no longer
> appropriate for this institution and require greater security than is
> available at FCI Milan.  You have not provided any evidence that
> you have been discriminated against because of your religious
> preference.[2]

(*Id.* at Response dated June 20, 2007).  Jebril appealed to the regional office and central office

for inmate appeals, but the warden's decision was affirmed.  (*Id.* at Regional Administrative

Remedy Appeal and Central Office Administrative Remedy Appeal).

On November 19, 2007, Jebril filed a petition for writ of habeas corpus in the United

States District Court for the Southern District of Texas.  On January 4, 2008, the Honorable Janis

Graham Jack ordered that all claims relating to events and persons in Michigan be transferred to

this district because "the adjudication of plaintiff's claims against the FCI Milan defendants with

---

[2]  If the Court wishes to review the official memorandum detailing the investigation and
findings of the Special Investigation Services, it will be submitted in camera.  The report is
classified as FOIA exempt and cannot be disclosed to the inmate.

the FCI Three Rivers defendants would be inefficient." (Order Severing and Transferring

Certain Claims). Jebril's habeas claims relating to his stay at FCI-Milan challenge the Bureau of

Prisons' decision to place him in the Special Housing Unit (SHU) and its ultimate decision to

transfer him to the BOP facility in Three Rivers, Texas.[3]   The government was ordered to

respond to Jebril's petition on January 17, 2008.

ARGUMENT

Jebril's habeas petition alleges that he should not have been placed in the special housing

unit at FCI-Milan and that he was improperly transferred to the Three Rivers facility in violation

of his right to due process. Because his transfer effectively mooted his complaint regarding the

restricted housing assignment and prisoners have no constitutional right to be incarcerated in any

particular federal prison facility, this petition should be dismissed.

"[A] case is moot when the issues presented are no longer 'live' or the parties lack a

legally cognizable interest in the outcome." *Ford v. Wilder*, 469 F.3d 500, 504 (6th Cir.

2006)(citing *Powell v. McCormack*, 395 U.S. 486, 496 (1969)). Jebril's complaint regarding his

special housing unit assignment at Milan is moot because there is no longer any case or

controversy between the parties. His transfer to FCI-Three Rivers resulted in his removal from

the SHU unit and he is not entitled to any relief on this claim. Jebril's challenge to the BOP's

decision to transfer him to a different institution is without merit because inmates have no

constitutional right to be incarcerated in any particular prison facility. *Olim v. Wakinekona*, 461

_____

[3]   Jebril's other claims that allege unspecified mistreatment by FCI-Milan staff are not
cognizable in a habeas petition and must be filed as a *Bivens* action under 42 U.S.C. § 1983.
*Schipke v. VanBuren*, 239 Fed. Appx. 85 (5th Cir. 2007).

3

U.S. 238, 249 (1983).

CONCLUSION

For the foregoing reasons, this petition for a writ of habeas corpus should be dismissed.

Respectfully submitted,

STEPHEN J. MURPHY
United States Attorney


s/ PATRICIA GAEDEKE (P37319)
Assistant U.S. Attorney
211 West Fort Street, Suite 2001
Detroit, MI  48226
313-226-9516
Patricia.Gaedeke@usdoj.gov

Dated: February 13, 2008

4

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 13, 2008, I electronically filed the foregoing paper,

Motion to Dismiss Petition for Writ of Habeas Corpus, with the Clerk of the Court using the

ECF system and I hereby certify that I have mailed by United States Postal Service the attached

paper to the following non-ECF participant:

> Ahmad Jebril
> Reg. No. 31943-039
> P.O. Box 4200
> Federal Correctional Institution
> Three Rivers, TX   78071

> s/ PATRICIA GAEDEKE (P37319)
> Assistant U.S. Attorney
> 211 West Fort Street, Suite 2001
> Detroit, MI  48226
> 313/226-9516
> Patricia.Gaedeke@usdoj.gov