UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AHMAD JEBRIL,

        Petitioner,

                                  CASE NO. 08-10151
v.                               HONORABLE MARIANNE O. BATTANI

C. EICHENLAUB, MUKHTAR CURTIS,
and JODI BRADLY,

        Respondents.
_____/

**OPINION AND ORDER GRANTING RESPONDENT'S MOTION TO DISMISS, DENYING PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL, AND DISMISSING THE HABEAS CORPUS PETITION WITHOUT PREJUDICE**

This is a habeas corpus action brought by a federal prisoner pursuant to 28 U.S.C. § 2241. The habeas petition challenges the conditions of confinement and a decision to transfer petitioner Ahmad Jebril from a prison in Michigan to a prison in Texas. The respondents, through an Assistant United States Attorney, have moved to dismiss the habeas petition. The Court agrees with the respondents that the challenge to the conditions of confinement in the Michigan prison is moot and that Petitioner's constitutional rights were not violated by the institutional transfer. Therefore, the habeas petition will be denied.

**I. Background**

In August of 2007, federal officials transferred Petitioner from the Federal Correctional Institution in Milan, Michigan (FCI-Milan) to the Federal Correctional Institution in Three Rivers, Texas (FCI-Three Rivers). Prior to the transfer, Petitioner filed an administrative complaint in which he claimed that he was being discriminated against because he is a Muslim.

He asked to remain at FCI-Milan or to be transferred to a prison camp. Respondent C. Eichenlaub denied Petitioner's request, because an investigation revealed that Petitioner had attempted to organize private religious meetings at FCI-Milan. Warden Eichenlaub found no evidence that Petitioner had been discriminated against on account of his religious preference.

The Regional Director for the Federal Bureau of Prisons affirmed the warden's decision. He stated that Petitioner had provided insufficient evidence to support his claim that staff acted in a discriminatory manner or outside the scope of national policy.

The Administrator for National Inmate Appeals agreed. He explained in a response to Petitioner's complaint that, although the Bureau of Prisons attempts to designate inmates to facilities close to their homes, several factors, including security level, are considered when determining whether to transfer an inmate from one institution to another. The Administrator concluded that Petitioner was appropriately designated because staff had reviewed his case and determined that he required greater security than FCI-Milan offered.

Having exhausted his administrative remedies, Petitioner filed a *pro se* habeas corpus petition in the United States District Court for the Southern District of Texas on November 19, 2007. The habeas petition named federal officials at FCI-Milan and at FCI-Three Rivers as the respondents, and it complained of prison conditions at both institutions, as well as, Petitioner's transfer from FCI-Milan to FCI-Three Rivers.

The District Court in the Southern District of Texas severed the claims against the respondents employed at FCI-Milan and transferred those claims to this District. Upon receipt of the habeas petition, the Court's staff served the habeas petition on the respondents. Currently pending before the Court are the respondents' motion to dismiss the habeas petition and

Petitioner's motion for appointment of counsel.

## II. Discussion

### A. Conditions at FCI-Milan

Petitioner alleges that, while serving time at FCI-Milan, he was placed in the special housing unit for eight months without any explanation for the placement. He also alleges that he was harassed by correctional staff, who discriminated against him on the basis of his Islamic faith and treated him as though he were a terrorist.

Mootness is a jurisdictional question because federal courts are not empowered to decide abstract propositions; their exercise of judicial power under Article III of the Constitution depends on the existence of a case or controversy. *North Carolina v. Rice*, 404 U.S. 244, 246 (1971). "[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496 (1969). Mootness deprives the Court of its power to act. *Spencer v. Kemna*, 523 U.S. 1, 18 (1998). There is nothing for the Court to remedy, even if it were disposed to do so. *Id.*

> Although there is an exception to the mootness doctrine when the action being challenged by the lawsuit is capable of being repeated *and* evading review, this exception is "narrow," *Dow Jones & Co. v. Kaye*, 256 F.3d 1251, 1256 (11th Cir. 2001), and applies only in "exceptional situations." *Id.* (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 109 (1983)). In particular, the exception can be invoked only when "(1) there [is] a reasonable expectation or a demonstrated probability that the *same* controversy will recur involving the same complaining party, and (2) the challenged action is in its duration too short to be fully litigated prior to its cessation or expiration." *Sierra Club v. Martin*, 110 F.3d 1551, 1554 (11th Cir.1997) (emphasis added). The remote possibility that an event might recur is not enough to overcome mootness, and even a likely recurrence is insufficient if there would be ample opportunity for review at that time.

*Al Najjar v. Ashcroft*, 273 F.3d 1330, 1336 (11th Cir. 2001) (emphasis in original).

Petitioner is not, and could not, seek money damages in this habeas action.

Consequently, his allegations about placement in the special housing unit at FCI-Milan and the manner in which federal officials at FCI-Milan treated him are moot. He is no longer confined at FCI-Milan and the challenged conduct is not likely to be repeated or to evade review. Courts "are not in the business of pronouncing that past actions which have no demonstrable continuing effect were right or wrong," *Spencer*, 523 U.S. at 18, and a claim for declaratory and injunctive relief against prison officials is moot when a prisoner is no longer confined in the institution where his rights were violated. *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996).

### B. The Institutional Transfer

Petitioner's only other claim alleges that, after eight months in the special housing unit at FCI-Milan, he was transferred to FCI-Three Rivers. Petitioner claims that the transfer to a higher security prison far away from his family was unjustified, cruel and unusual punishment, and a violation of his constitutional right to due process.

#### 1. Due Process

Section 3621(b) of Title 18, United States Code, requires the Federal Bureau of Prisons to "designate the place of the prisoner's imprisonment." Prisoners possess "no inherent constitutional right to placement in any particular prison or in any particular section within the prison system," *Williams v. Bass,* 63 F.3d 483, 485 (6th Cir. 1995), and they have "no justifiable expectation that [they] will be incarcerated in any particular state." *Olim v. Wakinekona,* 461 U.S. 238, 245 (1983). The Supreme Court has "rejected the notion that '*any* change in the conditions of confinement having a substantial adverse impact on the prisoner involved is sufficient to invoke the protections of the Due Process Clause.'" *Kentucky Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989) (quoting *Meachum v. Fano*, 427 U.S. 215, 244 (1976)

(emphasis in original)). "As long as the conditions or degree of confinement to which the prisoner is subjected is within the sentence imposed upon him and is not otherwise violative of the Constitution, the Due Process Clause does not in itself subject an inmate's treatment by prison authorities to judicial oversight." *Montayne v. Haymes*, 427 U.S. 236, 242 (1976).

"Confinement in another state . . . is 'within the normal limits or range of custody which the conviction has authorized the State to impose.'" *Olim*, 461 U.S. 247 (quoting *Meachum*, 427 U.S. at 225). The confinement remains within constitutional limits even when the transfer involves long distances. *Id.* "That life in one prison is much more disagreeable than in another does not in itself signify that a Fourteenth Amendment liberty interest is implicated when a prisoner is transferred to the institution with the more severe rules." *Meachum*, 427 U.S. at 225. The Court concludes that Petitioner's right to due process was not violated by the institutional transfer from FCI-Milan to FCI-Three Rivers.

### 2. Cruel and Unusual Punishment

Petitioner asserts that his Eighth Amendment right not to be subject to cruel and unusual punishment was violated when he was transferred to Texas. He contends that the long distance between him and his ill mother prevents her from visiting him.

Although the Constitution protects "certain kinds of highly personal relationships," *Roberts v. United States Jaycees,* 468 U.S. 609, 618 (1984), "[p]rison inmates have no absolute constitutional right to visitation." *Bellamy v. Bradley,* 729 F.2d 416, 420 (6th Cir. 1984).

> The very object of imprisonment is confinement. Many of the liberties and privileges enjoyed by other citizens must be surrendered by the prisoner. An inmate does not retain rights inconsistent with proper incarceration. See *Jones v. North Carolina Prisoners' Labor Union, Inc.,* 433 U.S. 119, 125, 97 S.Ct. 2532, 53 L.Ed.2d 629 (1977); *Shaw v. Murphy,* 532 U.S. 223, 229, 121 S.Ct. 1475, 149

> L.Ed.2d 420 (2001). And, as [the Supreme Court's] cases have established, freedom of association is among the rights least compatible with incarceration. See *Jones, supra,* at 125-126, 97 S.Ct. 2532; *Hewitt v. Helms,* 459 U.S. 460, 103 S.Ct. 864, 74 L.Ed.2d 675 (1983). Some curtailment of that freedom must be expected in the prison context.

*Overton v. Bazzetta*, 539 U.S. 126, 131 (2003).

The Court concludes from *Bazzetta* and *Bellamy* that Petitioner has no absolute right to visits from his family and that his transfer to FCI-Three Rivers was not cruel and unusual punishment. He has not been prohibited from having visitors or from using other means to maintain contact with his family. Moreover, the Court "must accord substantial deference to the professional judgment of prison administrators, who bear a significant responsibility for defining the legitimate goals of a corrections system and for determining the most appropriate means to accomplish them." *Id*. at 132.

**III. Conclusion**

Petitioner has failed to show that he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C § 2241(c)(3). Accordingly, Respondent's motion to dismiss [Doc. 5, Feb. 13, 2008] is GRANTED, and the habeas petition is DISMISSED with prejudice. Petitioner's motion for appointment of counsel [Doc. 4, Feb. 8, 2008] is DENIED because Petitioner has no absolute right to the assistance of counsel on habeas review, *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002) (citing *McCleskey v. Zant*, 499 U.S. 467, 495 (1991)), and the interests of justice do not require appointment of counsel. 18 U.S.C. § 3006A(a)(2)(B).

s/Marianne O. Battani
MARIANNE O. BATTANI
Dated: 3/10/08　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE