UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AHMAD JEBRIL,

        Plaintiff,
  v.

                              Case No. 2:08-cv-10151
                              Judge: MARIANNE O. BATTANI
                              Mag. Judge: CHARLES E. BINDER

L.C. EICHENLAUB, MUKHTAR
CURTIS, JODI BRADLEY, and
GREG WEBER,

        Defendants.
_____/

## MOTION TO DISMISS

Defendants L.C. Eichenlaub, Mukhtar Curtis, Jodi Bradley, and Greg Weber, by and through their attorneys, Terrence Berg, Acting United States Attorney for the Eastern District of Michigan, and William L. Woodard, Assistant United States Attorney, move this Court, pursuant to Fed.R.Civ.P. 12(b)(6), for entry of an order dismissing the complaint for failure to state a claim upon which relief can be granted.

The grounds for this motion are set forth with more specificity in the attached supporting brief.

                                                Respectfully submitted,

                                                TERRENCE BERG
                                                Acting United States Attorney

                                                *s/William L. Woodard*
                                                WILLIAM L. WOODARD
                                                Assistant United States Attorney

                                                                                         211 West Fort Street, Suite 2001  
                                                                                         Detroit, MI 48226  
                                                                                         Tel: (313) 226-9786  
                                                                                         E-mail: william.woodard@usdoj.gov  
                                                                                         (P27404)

Dated: September 26, 2008

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AHMAD JEBRIL,

        Plaintiff,

   v.

                                Case No. 2:08-cv-10151
                                Judge: MARIANNE O. BATTANI
                                Mag. Judge: CHARLES E. BINDER

L.C. EICHENLAUB, MUKHTAR
CURTIS, JODI BRADLEY, and
GREG WEBER,

        Defendants.

_____/

## BRIEF IN SUPPORT
## OF MOTION TO DISMISS

## ISSUES

    I.    WHETHER TRANSFER OF PLAINTIFF FROM FCI-MILAN TO FCI-THREE RIVERS VIOLATED DUE PROCESS OF LAW?

    II.    WHETHER PLACEMENT OF PLAINTIFF IN SPECIAL HOUSING UNIT FOR EIGHT MONTHS VIOLATED DUE PROCESS OF LAW?

    III.    WHETHER THE CLAIM THAT FCI-MILAN STAFF TARGETED, BULLIED, HARASSED, AND DISCRIMINATED AGAINST PLAINTIFF FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED?

    IV.    WHETHER PLAINTIFF'S OFFICIAL CAPACITY CLAIMS ARE BARRED BY SOVEREIGN IMMUNITY?

V. WHETHER PLAINTIFF'S INDIVIDUAL CAPACITY CLAIMS ARE BARRED BY QUALIFIED IMMUNITY?

VI. WHETHER THE COMPLAINT AGAINST DEFENDANT GREG WEBER SHOULD BE DISMISSED FOR LACK OF PERSONAL JURISDICTION AND INSUFFICIENT SERVICE OF PROCESS?

**CONTROLLING AUTHORITIES**

**Cases:**

*Bazetta v. McGinnis*,
 430 F.3d 795 (6th Cir. 2004)

*Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*,
 403 U.S. 388 (1971)

*Blakely v. United States*,
 276 F.3d 853 (6th Cir. 2002)

*Chapman v. City of Detroit*,
 808 F.2d 459 (6th Cir. 1986)

*Dunn v. Tennessee*,
 697 F.2d 121 (6th Cir. 1982)

*Ecclesiastical Order of the Ism of Am v. Chasin*,
 845 F.2d 113 (6th Cir. 1988)

*Estate of Carter v. City of Detroit*,
 408 F.3d 305 (6th Cir. 2005)

*Evancho v. Fisher*,
 423 F.3d 347 (3d Cir. 2005)

*Friedman v. Estate of Presser*,
 929 F.2d 1151 (6th Cir. 1991)

*Haines v. Kerner*,
 404 U.S. 519 (1972)

*Harlow v. Fitzgerald*,
 457 U.S. 800 (1982)

*Ivey v. Wilson*,
 832 F.2d 950 (6th Cir. 1987)

*Johnson v. Unknown Dellatifa*,
 357 F.3d 539 (6th Cir. 2004)

*Kentucky v. Graham*,
    473 U.S. 159 (1985)

*Mackey v. Dyke*,
    111 F.3d 460 (6th Cir. 1997)

*McMasters v. United States*,
    260 F.3d 814 (7th Cir. 2001)

*McNeil v. United States*,
    508 U.S. 106 (1993)

*Meachum v. Fano*,
    427 U.S. 215 (1976)

*Mitchell v. Forsyth*,
    472 U.S. 511 (1985)

*Montanye v. Haymes*,
    427 U.S. 236 (1976)

*Olim v. Wakinekona*,
    461 U.S. 238 (1983)

*Omni-Capital Int'l v. Rudolf Wolff & Co.*,
    484 U.S. 97 (1987)

*Rimmer-Bay v. Brown*,
    62 F.3d 789 (6th Cir. 1995)

*Ruhrgas AG v. Marathon Oil Co.*,
    526 U.S. 574 (1999)

*Sandin v. Conner*,
    515 U.S. 472 (1995)

*Saucier v. Katz*,
    533 U.S. 194 (2001)

*Summers v. Leis*,
    368 F.3d 881 (6th Cir. 2004)

*Weiner v. Klais & Co., Inc.*,

      108 F.3d 86 (6th Cir. 1997)

*Wells v. Brown*,
      891 F.2d 591 (6th Cir. 1989)

*Will v. Michigan Dep't of State Police*,
      491 U.S. 58 (1989)

*Williams v. Bass*,
      63 F.3d 483 (6th Cir. 1995)

*Ziegler v. IBP Hog Mkt., Inc.*,
      249 F.3d 509 (6th Cir. 2001)

**Statutes:**

18 U.S.C. § 3621(b)

28 U.S.C. § 2241

**Other Authorities:**

Fed.R.Civ.P. 4(d)

Fed.R.Civ.P. 12(b)(6)

**STATEMENT OF FACTS**

Introduction

This is an action brought under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). The plaintiff is Ahmad Jebril ("Jebril"), a federal prisoner[1] detained at the Federal Correctional Institution in Three Rivers, Texas ("FCI-Three Rivers"). Previously, he was detained at the Federal Correctional Institution at Milan, Michigan ("FCI-Milan"), until his transfer to FCI-Three Rivers on August 8, 2007. (Exhs. 1, 2).

The defendants are L.C. Eichenlaub, former Warden at FCI-Milan; Mukhtar Curtis, Head Chaplain at FCI-Milan; Jodi Bradley, former Captain at FCI-Milan; and Greg Weber, Special Investigative Agent at FCI-Milan.

The complaint alleges that: (1) Jebril was transferred from FCI-Milan to FCI-Three Rivers in violation of due process; (2) while serving time at FCI-Milan, Jebril was placed in the special housing unit ("SHU") for eight months in violation of due process; and (3) Jebril was targeted, bullied, harassed, and discriminated against by staff at FCI-Milan. (Exh. 1).

---

[1] On December 12, 2005, Jebril was sentenced to a 70-month term of imprisonment as a result of his conviction for conspiracy to defraud, mail fraud, wire fraud, bank fraud, money laundering, willful failure to file income tax returns, fraudulent use of a Social Security number, and felon in possession of firearms and ammunition. (Exh. 3). On February 28, 2007, he was sentenced to a 47-month term of imprisonment concurrent with his 70-month sentence and 30 months consecutive for aiding and abetting bribery of a public official and for commission of an offense while on release. (Exh. 4). His projected release date via good conduct time is February 13, 2012. (Exh. 2).

Procedural History

On November 8, 2007, Jebril initiated this action in the Southern District of Texas where he sued prison officials at FCI-Three Rivers and FCI-Milan. He filed his action as a habeas corpus petition pursuant to 28 U.S.C. § 2241. (Exh. 1). On December 26, 2007, an order was entered allowing Jebril to file an amended complaint converting his suit to a civil rights action. (Exh. 5).

On January 4, 2008, the Southern District of Texas severed and transferred plaintiff's claims against the FCI-Milan defendants to the Eastern District of Michigan, and retained jurisdiction over plaintiff's claims against the FCI-Three Rivers defendants. On March 10, 2008, this Court granted the government's motion to dismiss the habeas petition for mootness. (Exh. 6). Plaintiff then filed a motion to alter or amend the judgment on grounds that his pleading was erroneously treated as a habeas corpus petition and that it is really a civil rights complaint brought under *Bivens*. On May 14, 2008, this Court granted Jebril's motion, vacating its March 10 order of dismissal, and ordering the case reopened as a civil rights action. (Exh. 7).

Defendants Eichenlaub, Curtis, and Bradley received, and returned, waivers of service dated July 29, 2008, pursuant to Fed.R.Civ.P. 4(d). Defendant Weber has not been served with a summons, copy of the complaint, or notice and request for waiver of service.

Defendants now bring this motion to dismiss under Fed.R.Civ.P. 12(b)(6).

## **MOTION TO DISMISS STANDARD**

A motion to dismiss under Fed.R.Civ.P. 12(b)(6) tests whether a cognizable claim has been pleaded in the complaint. In assessing a Rule 12(b)(6) motion, the district court must construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded factual allegations as true. *Ziegler v. IBP Hog Mkt., Inc.*, 249 F.3d 509, 512 (6th Cir. 2001). While a complaint attacked by a Rule 12(b)(6) motion does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level. *Bell Atlantic Corp. v. Twombly*, — U.S. —, 127 S.Ct. 1955, 1964-65 (2007).

Matters outside of the pleadings are not to be considered by a court in ruling on a motion made under Rule 12(b)(6), but documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to his claim. *Weiner v. Klais & Co., Inc.*, 108 F.3d 86, 88-89 (6th Cir. 1997).

Where a plaintiff is *pro se*, courts construe the complaint liberally, and do not hold it to the same stringent standard as formal pleadings drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, it is not the role of the court to guess the nature of the claim or claims asserted. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986).

## **ARGUMENT**

    I.    TRANSFER OF PLAINTIFF FROM FCI-MILAN TO FCI-THREE RIVERS DID NOT VIOLATE DUE PROCESS OF LAW.

Jebril claims that his transfer from FCI-Milan to FCI-Three Rivers was a violation of his rights under the Due Process Clause because it resulted in his placement in a much higher security prison outside this region and far away from his family.

Section 3621(b) of Title 18, United States Code, requires the Federal Bureau of Prisons to "designate the place of the prisoner's imprisonment." The "Due Process Clause does not protect every change in the conditions of confinement having a substantial adverse impact on the prisoner." *Sandin v. Conner*, 515 U.S. 472, 478 (1995). In fact, a prison inmate does not have a liberty interest in transfer from one prison to another "for whatever reason or for no reason at all," within the state or to another state, regardless of differing conditions in the prisons. *Meachum v. Fano*, 427 U.S. 215, 228 (1976). Even a transfer to a maximum security facility with more burdensome conditions is "within the normal limits or range of custody which the conviction has authorized the [government] to impose." *Id.* at 225. This is true even though such a transfer operates as a "real hardship" on the inmate who is "effectively separated by the transfer from his only contact with the world outside the prison." *Montanye v. Haymes*, 427 U.S. 236, 242 n. 4 (1976). Thus, transfer of an inmate, even with its changed conditions of confinement, "does not deprive an inmate of any liberty interest protected by the Due Process Clause in and of itself." *Olim v. Wakinekona*, 461 U.S. 238, 248 (1983) (holding that an inmate has no justifiable expectations to be housed in any particular state or facility; that the place of confinement is a discretionary decision by prison authorities; and

that such transfer involves no liberty interest protected by due process); *Bazetta v. McGinnis*, 430 F.3d 795, 804 (6th Cir. 2004) (an inmate does not have a liberty interest in a transfer from one institution to another for whatever reason or for no reason at all, and regardless of differing conditions).

In light of the foregoing, Jebril's claim that his transfer from FCI-Milan to FCI-Three Rivers violated his due process rights should be dismissed for failure to state a claim upon which relief can be granted.

## II. PLACEMENT OF PLAINTIFF IN SPECIAL HOUSING UNIT FOR EIGHT MONTHS DID NOT VIOLATE DUE PROCESS OF LAW.

Jebril also claims that his due process rights were violated when he was placed in the special housing unit ("SHU") for eight months while serving time at FCI-Milan. Actions taken by prison employees do not implicate the Due Process Clause unless they entail "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life" or if the government's action will inevitably affect the duration of the inmate's sentence. *Sandin*, 515 U.S. at 484-87.

Placement of an inmate in administrative segregation is not an "atypical and significant hardship" that implicates the inmate's due process rights. *Mackey v. Dyke*, 111 F.3d 460, 463 (6th Cir. 1997) (holding that inmate's placement in administrative segregation for almost a year did not place an atypical or significant hardship on him even where there was a delay in returning him to the general inmate population after he was reclassified); *Rimmer-Bay v. Brown*, 62 F.3d 789, 790-91 (6th Cir. 1995) (rejecting a prisoner's claim that prison officials "violated his procedural due process rights by placing him in administrative segregation without a formal reclassification hearing"); *see*

*also Sandin*, 515 U.S. at 487 (placement of inmate in disciplinary segregation for 30 days does not implicate the Due Process Clause); *Williams v. Bass*, 63 F.3d 483, 485 (6th Cir. 1995) ("no inherent constitutional right to placement in any particular prison or in any particular section within the prison system").

Therefore, Jebril's claim that his due process rights were violated by placement in SHU for eight months fails to state a claim upon which relief can be granted.

      III.    CLAIM THAT FCI-MILAN STAFF TARGETED, BULLIED, HARASSED, AND DISCRIMINATED AGAINST PLAINTIFF FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.

Jebril claims that his due process rights were violated when he was targeted, bullied, harassed, and discriminated against by FCI-Milan staff members. Specifically, he claims that while he was in SHU he was "mistreated, bullied, harassed and taunted by staff there who had been informed that we are terrorists." (Exh. 1, pp. 1, 3).

With respect to the named defendants, plaintiff claims that defendant Jodi Bradley "passed my cell telling a SHU officer, 'You should read the last report we got on Jebril's the terrorists. When he used to see . . . shout Akbar . . . .'" (Exh. 1, p. 3). This alleged statement is so vague that it is unclear whether it even constitutes harassment. In any event, a single statement like this hardly rises to the level of a constitutional violation. *See Johnson v. Unknown Dellatifa*, 357 F.3d 539, 546 (6th Cir. 2004) (holding that harassment and verbal abuse – including banging and kicking cell door, smearing window preventing inmate from seeing out of it, and behaving in a racially prejudicial manner – while shameful and unprofessional, does not constitute the type of infliction of pain

6

envisioned by the Eighth Amendment); *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (not every unpleasant experience an inmate endures constitutes cruel and unusual punishment under the Eighth Amendment). Thus, Jebril's claim of being mistreated, bullied, harassed, taunted, and discriminated against by defendant Bradley should be dismissed for failure to state a claim upon which relief can be granted.

To the extent that plaintiff claims he was targeted, mistreated, bullied, discriminated, harassed, or taunted by FCI-Milan staff members other than defendants Eichenlaub, Curtis, Bradley, or Weber, none of them can be held liable for these alleged unconstitutional acts. In order to succeed on a *Bivens* claim, a plaintiff must plead and prove that the defendant was personally involved in the deprivation of plaintiff's constitutional rights. *Dunn v. Tennessee*, 697 F.2d 121, 128 (6th Cir. 1982). In other words, a plaintiff may only sue a particular defendant for his own acts, not the actions of others. *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004); *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005). Therefore, defendants Eichenlaub, Curtis, Bradley, and Weber should be dismissed from any claims of unconstitutional acts by FCI-Milan staff members other than themselves.

### IV. PLAINTIFF'S OFFICIAL CAPACITY CLAIMS ARE BARRED BY SOVEREIGN IMMUNITY.

A suit against a public official in his or her official capacity is deemed to be a suit against the governmental entity, not a suit against the official personally. *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985). A constitutional tort action brought against a public officer or employee in his or her official capacity is barred by sovereign immunity. *Will v. Michigan Dep't of State Police*, 491

7

U.S. 58 (1989) (Section 1983 suit); *Blakely v. United States*, 276 F.3d 853, 870 (6th Cir. 2002) (*Bivens* suit); *Ecclesiastical Order of the Ism of Am v. Chasin*, 845 F.2d 113, 115-16 (6th Cir. 1988) (*Bivens* suit). Thus, to the extent that plaintiff's suit is brought against the defendants in their official capacities, it is barred by sovereign immunity.

## V. PLAINTIFF'S INDIVIDUAL CAPACITY CLAIMS ARE BARRED BY QUALIFIED IMMUNITY.

Plaintiff's claims against the named defendants in their individual capacities should also be dismissed because they are barred by qualified immunity. Qualified immunity provides that government officials "performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). It is an immunity from suit rather than a mere defense to liability. *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985).

The Supreme Court has instructed courts to use a two-part test to assess qualified immunity. *Saucier v. Katz*, 533 U.S. 194, 201 (2001). *See Estate of Carter v. City of Detroit*, 408 F.3d 305, 311 n.2 (6th Cir. 2005). The initial inquiry must be whether the officer's conduct violated a constitutional right. *Saucier*, 533 U.S. at 201. If no constitutional right was violated, then "there is no necessity for further inquiries concerning qualified immunity." *Id*. But "if a violation could be made out on a favorable view of the parties' submissions," then "the next sequential step is to ask whether the right was clearly established." *Id*.

As discussed previously, plaintiff has not shown a constitutional violation. Because no constitutional right has been violated, there is no need to inquire further. And even if plaintiff had shown a constitutional violation, his claims would not have survived the second step requiring a showing that the right was clearly established. Therefore, because he does not have a liberty interest in being housed at a particular institution, his placement in SHU did not place an atypical or significant hardship on him, and he has not alleged that any of the named defendants targeted, mistreated, bullied, discriminated, harassed, or taunted him to the level of an unconstitutional violation, plaintiff's claims are barred by qualified immunity. The complaint should therefore be dismissed.

> VI. THE COMPLAINT AGAINST DEFENDANT GREG WEBER SHOULD BE DISMISSED FOR LACK OF PERSONAL JURISDICTION AND INSUFFICIENT SERVICE OF PROCESS.

"Before a federal court may exercise jurisdiction over a defendant, the procedural requirement of service of process must be satisfied." *Omni-Capital Int'l v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987). Without personal jurisdiction, the court is "powerless to proceed to an adjudication." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577 (1999). Actual notice of the suit is immaterial to the issue of whether proper service has been achieved. *Ecclesiastical Order of the Ism of Am, Inc. v. Chasin*, 845 F.2d at 116; *Friedman v. Estate of Presser*, 929 F.2d 1151, 1156 (6th Cir. 1991); *McMasters v. United States*, 260 F.3d 814, 817 (7th Cir. 2001). The fact that the plaintiff is proceeding *pro se* does not excuse his failure to comply with the service rules. *McMasters*, 260 F.3d at 818. *See McNeil v. United States*, 508 U.S. 106, 113 (1993) ("[W]e have

9

never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

Service of process on federal employees is governed by Fed.R.Civ.P. 4(i).  Rule 4(i)(3), which governs service on a federal officer or employee sued in his or her individual capacity, requires that the officer or employee be personally served.  Defendant Weber has not been served, nor has he received a notice and request for waiver of service, nor has a certification of service been filed with the Clerk of the Court.  Accordingly, the complaint should be dismissed against defendant Weber for lack of personal jurisdiction and for insufficient service of process.

## **CONCLUSION**

In light of the foregoing, defendants L.C. Eichenlaub, Mukhtar Curtis, Jodi Bradley, and Greg Weber respectfully request that this Court grant this motion to dismiss and enter an order dismissing the complaint.

                                                                                Respectfully submitted,

                                                                                TERRENCE BERG
                                                                                Acting United States Attorney

                                                                *s/William L. Woodard*
                                                              WILLIAM L. WOODARD
                                                              Assistant U.S. Attorney
                                                              211 West Fort Street, Suite 2001
                                                              Detroit, MI  48226-3211
                                                              Phone: (313) 226-9786
                                                              E-mail: william.woodard@usdoj.gov
                                                              (P27404)

Dated: September 26, 2008

**CERTIFICATE OF SERVICE**

I hereby certify that on September 26, 2008, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

>None

I further hereby certify that I have mailed by United States Postal Service the foregoing paper to the following non-ECF participants:

>Ahmad Jebril
>Reg. No. 31943039
>Three Rivers Federal Correctional Institution
>P.O. Box 4200
>Three Rivers, TX  78071

>*s/William L. Woodard*
>WILLIAM L. WOODARD
>Assistant United States Attorney
>211 W. Fort St., Ste. 2001
>Detroit, MI 48226
>Phone: (313) 226-9786
>E-mail: william.woodard@usdoj.gov
>(P27404)

Dated: September 26, 2008