UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AHMAD JEBRIL,

    Plaintiff,

v.

                        Case No. 2:08-cv-10151
                        Judge: MARIANNE O. BATTANI
                        Mag. Judge: CHARLES E. BINDER

L.C. EICHENLAUB, MUKHTAR
CURTIS, JODI BRADLEY, and
GREG WEBER,

    Defendants.

_____/

## DEFENDANTS' REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS

### ISSUES

I.    WHETHER TRANSFER OF PLAINTIFF FROM FCI-MILAN TO FCI-THREE RIVERS VIOLATED DUE PROCESS OF LAW?

II.    WHETHER PLACEMENT OF PLAINTIFF IN SPECIAL HOUSING UNIT FOR EIGHT MONTHS VIOLATED DUE PROCESS OF LAW?

III.    WHETHER THE CLAIM THAT FCI-MILAN STAFF TARGETED, BULLIED, HARASSED, AND DISCRIMINATED AGAINST PLAINTIFF FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED?

IV.    WHETHER PLAINTIFF'S OFFICIAL CAPACITY CLAIMS ARE BARRED BY SOVEREIGN IMMUNITY?

V. WHETHER PLAINTIFF'S INDIVIDUAL CAPACITY CLAIMS ARE BARRED BY QUALIFIED IMMUNITY?

VI. WHETHER THE COMPLAINT AGAINST DEFENDANT GREG WEBER SHOULD BE DISMISSED FOR LACK OF PERSONAL JURISDICTION AND INSUFFICIENT SERVICE OF PROCESS?

# CONTROLLING AUTHORITIES

**Cases:**

*Gill v. Mooney*,
    824 F.2d 192 (2d Cir. 1987)

*Harden-Bey v. Rutter*,
    524 F.3d 789 (6th Cir. 2008)

*Ivey v. Wilson*,
    832 F.2d 950 (6th Cir. 1987)

*Johnson v. Unknown Dellatifa*,
    357 F.3d 539 (6th Cir. 2004)

*Jones v. Baker*,
    155 F.3d 810 (6th Cir. 1998)

*Thaddeus-X v. Blatter*,
    175 F.3d 378 (6th Cir. 1999)

*Zigmund v. Foster*,
    106 F.Supp.2d 352 (D. Conn. 2000)

**ARGUMENT**

1.      In response to defendants' argument that plaintiff's transfer from FCI-Milan to FCI-Three Rivers did not violate due process, Jebril argues that the transfer was in retaliation for exercise of his First Amendment rights.  Specifically, he argues that the transfer was in retaliation; (a) for his being "a practicing Muslim knowledgeable in Islam"; (b) for criticizing FCI-Milan Chaplain Mukhtar Curtis, considered by Jebril to be "an extremist [Islamic] radical and a sympathizer to terrorists"; (c) due to "vague claims of Islamic affiliation attributed to [Jebril]"; and (d) for starting to exhaust his prison administrative remedies and to keep him from filing a suit.  (Plaintiff's Response Brief, pp. 5-8).  Jebril's arguments are without merit for the following reasons.

First, Jebril's complaint does not include even an allegation that his transfer was in retaliation for exercise of his First Amendment rights.  (*See* Def. Exh. 1).  He should not be able to defeat a motion to dismiss by raising a theory not even raised in his complaint.

Second, because claims for retaliation are easily made, they must be carefully examined by the court to eliminate potential abuse.  *Zigmund v. Foster*, 106 F.Supp.2d 352, 363 (D. Conn. 2000).  A complaint alleging retaliation in wholly conclusory terms may safely be dismissed on the pleadings alone.  *Gill v. Mooney*, 824 F.2d 192, 194 (2d Cir. 1987).  The allegations of retaliation made by plaintiff in his response to defendants' motion to dismiss are wholly conclusory.  Thus, even if he had raised them in his complaint, they would have still been subject to dismissal.

Third, even if properly raised, plaintiff's retaliation claim would be deficient as a matter of law. A retaliation claim consists of three elements: (1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two – that is, the adverse action was motivated at least in part by the plaintiff's protected conduct. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999). Generally, with respect to the first element, it is more difficult for an inmate "to show that his conduct is protected because prison regulations are allowed to infringe on prisoners' rights as long as they are rationally related to a legitimate penological concern." *Id.* at 394-95. "Therefore, if a prisoner violates a legitimate prison regulation, he is not engaged in 'protected conduct,' and cannot proceed beyond step one." *Id*. at 395.

Here, plaintiff was not engaged in protected conduct when he was transferred to FCI-Three Rivers. According to the allegations in his own complaint, Jebril was transferred for violating prison regulations by repeatedly attempting to organize and hold unauthorized private religious meetings within the institution. (Def. Exh. 1: Complaint, p. 2). Therefore, he has failed to move beyond step one in proving his retaliation claim.

Lastly, plaintiff does not allege, nor could he in good faith do so, that his ability to practice his Muslim faith has been prejudiced or adversely affected by his transfer to FCI-Three Rivers. Moreover, although he makes a conclusory claim that this transfer was in retaliation for his starting to exhaust his prison administrative remedies at FCI-Milan and to keep him from filing suit, the record shows that he has been allowed to file numerous and repeated

2

administrative claims continuously throughout his incarceration, both at FCI-Milan and FCI-Three Rivers. Records show that between July 20, 2005, and August 18, 2008, the most recent date for which the undersigned attorney currently has records, plaintiff filed and pursued 78 separate administrative complaints within the federal prison system. (Exh. 8: SENTRY Administrative Remedy Retrieval Records). Moreover, plaintiff has obviously been allowed to file the present lawsuit. Thus, his retaliation claims are without merit.

       2.      In response to defendants' argument that plaintiff's placement in SHU for eight months did not violate due process, Jebril makes two arguments. First, he argues that the eight-month duration alone rendered this placement unconstitutional. Second, he argues that the alleged harassment to which he was exposed rendered his incarceration during that period an atypical and substantial hardship. (Plaintiff's Response Brief, pp. 9-12).

During the time that plaintiff was placed in SHU, the Sixth Circuit had held that a two and one-half year placement in segregation did not involve an atypical and significant hardship implicating a protected liberty interest. *Jones v. Baker*, 155 F.3d 810, 812 (6th Cir. 1998). In fact, in both *Jones* and in some unpublished decisions, the Sixth Circuit had even said that placements in administrative segregation do not involve an atypical and significant hardship implicating a protected liberty interest "without regard to duration." *Id.*; *Harden-Bey v. Rutter*, 524 F.3d 789, 794 (6th Cir. 2008). Thus, under the doctrine of qualified immunity, the defendants are shielded from plaintiff's argument that the eight-month duration of his placement in SHU was unconstitutional. It was either not unconstitutional at all, or if it was, it was not in violation of a clearly established constitutional right.

3

With respect to plaintiff's claims of harassment while he was in SHU, the allegations, even if true, do not rise to a constitutional level. *See Johnson v. Unknown Dellatifa*, 357 F.3d 539, 546 (6th Cir. 2004) (holding that harassment and verbal abuse – including banging and kicking cell door, smearing window preventing inmate from seeing out of it, and behaving in a racially prejudicial manner – while shameful and unprofessional, did not constitute the type of infliction of pain envisioned by the Eighth Amendment); *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (sating that not every unpleasant experience an inmate endures constitutes cruel and unusual punishment under the Eighth Amendment). The allegations of harassment made by plaintiff against the defendants here do not come close to the severity of the claims of harassment made in *Johnson* and *Ivey*. Accordingly, the harassment alleged by plaintiff while he was in SHU did not render his placement there unconstitutional, and certainly not render it in violation of any clearly established constitutional rights. Therefore, his claim that his placement in SHU was unconstitutional is barred by qualified immunity.

3.   With respect to the remaining arguments raised by plaintiff in his response brief, the defendants rely on the arguments raised in their brief in support of the motion to dismiss because plaintiff does not appear to raise anything not previously addressed.

## CONCLUSION

In light of the foregoing, defendants L.C. Eichenlaub, Mukhtar Curtis, Jodi Bradley, and Greg Weber respectfully request that this Court grant their motion to dismiss and enter an order dismissing the complaint.

                                                Respectfully submitted,

                                                TERRENCE BERG
                                                Acting United States Attorney

                                                *s/William L. Woodard*
                                                WILLIAM L. WOODARD
                                                Assistant U.S. Attorney
                                                211 West Fort Street, Suite 2001
                                                Detroit, MI  48226-3211
                                                Phone: (313) 226-9786
                                                E-mail: william.woodard@usdoj.gov
                                                (P27404)

Dated: January 9, 2009

**CERTIFICATE OF SERVICE**

I hereby certify that on January 9, 2009, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

> None

I further hereby certify that I have mailed by United States Postal Service the foregoing paper to the following non-ECF participants:

> Ahmad Jebril
> Reg. No. 31943039
> Three Rivers Federal Correctional Institution
> P.O. Box 4200
> Three Rivers, TX  78071

                                                  *s/William L. Woodard*
                                                  WILLIAM L. WOODARD
                                                  Assistant United States Attorney
                                                  211 W. Fort St., Ste. 2001
                                                  Detroit, MI 48226
                                                  Phone: (313) 226-9786
                                                  E-mail: william.woodard@usdoj.gov
                                                  (P27404)

Dated: January 9, 2009