UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AHMAD JEBRIL,

    Petitioner,

CASE NO. 08-CV-10151

v.

DISTRICT JUDGE MARIANNE O. BATTANI
MAGISTRATE JUDGE CHARLES E. BINDER

AGENT WEBBER,[1] C. EICHENLAUB,
MUKHTAR CURTIS, JODI BRADLEY,

    Respondents.

                                    /

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON
DEFENDANTS' MOTION TO DISMISS**
(Dkt. 21)

## I.    RECOMMENDATION

For the reasons set forth below, **IT IS RECOMMENDED** that the motion to dismiss be **GRANTED** and that the case be **DISMISSED WITH PREJUDICE**.

## II.    REPORT

### A.    Introduction & Procedural History

Plaintiff[2] Ahmad Jebril is a federal prisoner who is currently incarcerated at the Federal Correctional Institution ("FCI") in Three Rivers, Texas. The case was initially viewed as a habeas

---

[1] Defendant Webber has now been properly served, has responded to the complaint, has joined the instant motion to dismiss and has voluntarily withdrawn argument VI of the motion to dismiss which was based on lack of proper service. (Dkt. 29.)

[2] Although the court's docket continues to refer to Ahmad Jebril as "Petitioner," ordinarily those who bring civil rights actions are generally referred to as "Plaintiffs." Since the docket is based on the initial reading of the case as seeking habeas relief and since that has been disproved, this Report will refer to Ahmad Jebril as Plaintiff rather than Petitioner and Respondents will be referred to as Defendants.

action under 28 U.S.C. § 2241, challenging the conditions of confinement and a decision to transfer him from FCI Milan in Michigan to FCI Three Rivers in Texas. The court granted Defendants' first motion to dismiss (Dkt. 6), but later vacated that order and reopened the case on May 14, 2008, noting that the case was improperly filed as a habeas action when it actually raised civil rights claims. (Dkt. 13.) Accordingly, the case is now properly viewed as a civil rights action. On October 7, 2008, United States District Judge Marianne O. Battani referred all pretrial matters to the undersigned magistrate judge. (Dkt. 22.)

Plaintiff's complaint alleges that: (1) he was transferred without due process from FCI Milan in Michigan to FCI Three Rivers in Texas, which is far away from his family; (2) while housed at FCI Milan, he was placed in the Special Housing Unit ("SHU") for eight months without due process; and (3) staff at FCI Milan targeted, bullied, harassed, and discriminated against him. (Dkt. 1 at 1.) Defendants filed the instant motion to dismiss (Dkt. 21), Plaintiff responded (Dkt. 31), and Defendants replied. (Dkt. 34.) Upon review of the documents, I conclude that, pursuant to E.D. Mich. LR 7.1(e)(2), this motion is ready for Report and Recommendation without oral argument.

**B.    Motion Standards**

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a case where the complaint fails to state a claim upon which relief can be granted. To determine whether a complaint fails to state a claim and is therefore subject to dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court must view the complaint in a light most favorable to the plaintiff, accepting as true all well-pled factual allegations. *Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 336 (6th Cir. 2007) (citing *United States v. Moriarty*, 8 F.3d 329, 332 (6th Cir. 1993)). The court need not accept as true legal conclusions or unwarranted

2

factual inferences contained in the pleadings. *Id.* (citing *Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000)). To survive the motion, "the complaint must contain direct or inferential allegations respecting all the material elements under some viable legal theory." *Id.* (citing *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005)).

Where a plaintiff is proceeding without the assistance of counsel, the court is required to liberally construe the complaint and hold it to a less stringent standard than a similar pleading drafted by an attorney. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). However, courts may not rewrite a complaint to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999), nor may courts construct the plaintiff's legal arguments for her, *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993). Neither may the court "conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), nor create a claim for the plaintiff, *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975), because to hold otherwise would require the court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

The elements of a civil rights claim under 42 U.S.C. § 1983 are: (1) the violation of a right secured by the federal Constitution or federal law that was (2) committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). The same analysis applies to federal actors under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971). *Baranski v. Fifteen Unknown Agents*, 452 F.3d 433, 438 (6th Cir. 2006) (en banc).

### C.     Analysis & Conclusions

### 1.     Transfer to FCI Three Rivers, Texas

Plaintiff alleges that transfer to FCI Three Rivers in Texas violated his due process rights because his incarceration there leaves him far from family members that are in Michigan. (Dkt. 1 at 1.)  Plaintiff also complains that FCI Three Rivers is a higher security prison. (Dkt. 1 at 1.)

To plead a procedural due process claim, a plaintiff must allege: (1) a life, liberty, or property interest exists and has been subject to interference by the state; and (2) the procedures attendant upon the deprivation of an existing interest were constitutionally insufficient. *Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 460, 109 S. Ct. 1904, 104 L. Ed. 2d 506 (1990). Procedural due process rights arise only after a showing that a plaintiff holds a constitutionally protected liberty interest. *Mitchell v. Horn*, 318 F.3d 523, 531 (3d Cir. 2003).

A prisoner has no constitutional right to be incarcerated in a particular facility or to be held in a specific security classification. *Olim v. Wakinekona*, 461 U.S. 238, 245, 103 S. Ct. 1741, 1747, 75 L. Ed 2d 813 (1983) (particular facility); *Hewitt v. Helms*, 459 U.S. 460, 468-69, 103 S. Ct. 864, 74 L. Ed. 2d 675 (1983) (security classification); *Moody v. Daggett*, 429 U.S. 78, 88 n.9, 97 S. Ct. 274, 50 L. Ed. 2d 236 (1976) (security classification and rehabilitative program); *Meachum v. Fano*, 427 U.S. 215, 244, 96 S. Ct. 2532, 49 L. Ed. 2d 451 (1976) (particular facility). "[C]hanges in the conditions of confinement having a substantial impact on the prisoner are not alone sufficient to invoke the protections of the Due Process Clause '[a]s long as the conditions or degree of confinement to which the prisoner is subjected is within the sentence imposed upon him.'" *Vitek v. Jones*, 445 U.S. 480, 493, 100 S. Ct. 1254, 63 L. Ed. 2d 552 (1980) (quoting *Montayne v. Haymes*, 427 U.S. 236, 242, 96 S. Ct. 2543, 49 L. Ed. 2d 466 (1976)).

4

"Even when . . . the transfer involves long distances and an ocean crossing, the confinement remains within constitutional limits[, t]he difference is a matter of degree, not of kind, and *Meachum* instructs that 'the determining factor is the nature of the interest involved rather than its weight.'" *Olim*, 461 U.S. at 238 (holding that interstate prison transfer from Hawaii does not deprive an inmate of any liberty interest protected by the Due Process Clause and that state had not created protected liberty interest).

None of the exceptional circumstances which may implicate a liberty interest, such as being transferred to a "supermax" prison or a mental hospital, are present in the instant case. *See Wilkinson v. Austin*, 545 U.S. 209, 214, 125 S. Ct. 2384, 162 L. Ed. 2d 174 (2005) (holding that transfer to a "supermax" prison "imposes an atypical and significant hardship under any plausible baseline" because "[conditions] at [the prison] are more restrictive than any other form of incarceration in Ohio"); *Vitek,* 445 U.S. at 493 (holding that transfer of an inmate from a prison to a mental hospital implicated a liberty interest).

Defendants note in their reply brief that Plaintiff's response raises the issue that the transfer was made in retaliation for exercise of his First Amendment rights, i.e., for being a practicing Muslim, for Plaintiff's criticism of FCI-Milan Chaplain Mukhtar Curtis for being, in Plaintiff's mind, an extremist and sympathizer to terrorists, and for Plaintiff's filing of grievances and exhaustion of administrative remedies. (Dkt. 31 at 5; Dkt. 34 at 4.) Defendants further argue that the court should not consider this argument since it was not raised in his complaint but that, even if it were to be considered, Plaintiff has failed to state a claim upon which relief can be granted. (*Id.*) Defendants add that Plaintiff was transferred, even according to Plaintiff's own complaint, because Plaintiff violated prison regulations by repeatedly attempting to organize and hold unauthorized private religious meetings at FCI Milan. (Dkt. 34 at 5; Dkt. 1 at 2.) Although claims

5

are not properly raised in response briefs, I will address the substance of the claim because even if it had been properly pleaded, I suggest that Defendants would still be entitled to dismissal.

A First Amendment retaliation claim consists of the following elements: (1) the plaintiff was engaged in a constitutionally protected conduct; (2) the defendant's adverse action would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) a causal connection between elements one and two, i.e., the adverse action was motivated at least in part by the plaintiff's protected conduct. *Thaddeus-X v. Blatter*, 175 F.3d 378, 395 (6th Cir. 1999) (en banc); *Muhammad v. Close*, 379 F.3d 413, 416 (6th Cir. 2004). However, conclusory allegations of retaliatory motive unsupported by any specific factual foundation are insufficient to state a claim under § 1983. *Harbin-Bey v. Rutter*, 420 F.3d 571, 580 (6th Cir. 2005); *Lanier v. Bryant*, 332 F.3d 999, 1007 (6th Cir. 2003); *Pack v. Martin*, 174 Fed. App'x 256, 259 (6th Cir. 2006); *McMillan v. Fleming*, 136 Fed. App'x 818, 820-21 (6th Cir. 2005).

Here, the Plaintiff's filing of non-frivolous grievances is protected conduct under the First Amendment. *Herron v. Harrison*, 203 F.3d 410, 415 (6th Cir. 2000) ("An inmate has an undisputed First Amendment right to file grievances against prison officials on his own behalf"). However, I suggest that Plaintiff has not stated facts that could support either the second or third elements of a retaliation claim because transfer to another facility is not adverse conduct. *Hix v. Tennessee Dep't of Corr.,* 196 Fed. App'x 350, 358 (6th Cir. 2006) (transfer to the general population of another prison facility, absent foreseeable consequences that the transfer would interfere with plaintiff's access to the courts or some other fundamental right, is not considered sufficiently adverse action to deter a person of ordinary firmness from exercising his First Amendment rights); *Smith v. Yarrow*, 78 Fed. App'x 529, 543 (6th Cir. 2003); *Jewell v. Leroux*, 20 Fed. App'x 375, 377-78 (6th Cir. 2001) (finding no adverse action where plaintiff alleged he

6

had been wrongfully removed from a prison job and transferred to another prison in retaliation for filing prison grievances); *Mandela v. Campbell*, No. 97-5712, 1999 WL 357825, at *3 (6th Cir. May 26, 1999).

### 2. Placement in Special Housing Unit

Plaintiff asserts that he was denied due process when housed in the Special Housing Unit ("SHU") for eight months. (Dkt. 1 at 1.) In *Merchant v. Hawk-Sawyer*, 37 Fed. App'x 143, 146 (6th Cir. 2002), the Sixth Circuit held that a federal prisoner's confinement in the SHU for 21 months did not present an atypical and significant hardship and thus did not violate due process. Since 21 months is a much longer period than eight months, I suggest that Defendants' motion to dismiss this claim should be granted as well.

### 3. Claims of Being Targeted, Harassed, Bullied, and Discriminated Against

Plaintiff alleges that he was referred to as a "terrorist," and a "radical," and that Defendant Curtis "boasters [sic] about how his memo's [sic] destroy anyone." (Dkt. 1 at 1-3.) I suggest that Defendant's alleged harassment, bullying and racial slurs – which Plaintiff describes as "discrimination" – do not rise to the level of adverse or otherwise unconstitutional conduct. Harassment, verbal abuse and minor threats do not violate the Constitution. *Johnson v. Dallatifa*, 357 F.3d 539, 546 (6th Cir. 2004); *Ivey v. Wilson*, 832 F.2d 950, 954-55 (6th Cir. 1987); *Oltarzewski v. Ruggiero*, 830 F.2d 136 (9th Cir. 1987) (Verbal harassment or abuse . . . is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983"); *Tailor v. City of Falmouth*, 187 Fed. App'x 596, 600 (6th Cir. 2006) ("'Verbal abuse is not normally a constitutional violation.'") (quoting *Doe v. Gooden*, 214 F.3d 952, 955 (8th Cir. 2000) (holding that teacher's foul language and references to students as "bimbos," "fatsos," and the "welfare bunch" was not sufficient adverse action under a retaliation claim)). Therefore, there is no

constitutional violation when a corrections officer uses verbal, assaultive threats toward an inmate. *Miller v. Wertanen*, 109 Fed. App'x 64, 65 (6th Cir. 2004) (Eighth Amendment case). Nor is the constitution violated when prison personnel use "racial slurs." *Jones Bey v. Johnson*, 248 Fed. App'x 675, 677 (6th Cir. 2007).

Even verbal threats and abuse made in retaliation for filing a grievance are by themselves insufficient to state a constitutional claim under the First Amendment. *Carney v. Craven*, 40 Fed. App'x 48, 50 (6th Cir. 2002). Although threatening and berating verbal abuse may be highly offensive, "ungentlemanly conduct does not a constitutional violation make." *Burris v. Mahaney*, 716 F. Supp. 1051, 1056 (M.D. Tenn. 1989). *See also Emmons v. McLaughlin*, 874 F.3d 351, 353 (6th Cir. 1989) (to state a claim under § 1983, there must be an actual infringement of a constitutional right, not merely a threat to do so). I therefore suggest that Defendants' motion to dismiss should be granted on this ground as well.

### 4.     Defendants' Other Arguments

Defendants also argue that they should be dismissed because Plaintiff failed to aver personal involvement on the part of any of the named defendants in the alleged deprivation of constitutional rights. (Dkt. 21 at 14.)

It is beyond dispute that liability under § 1983 must be based on active unconstitutional behavior, not on a failure to act. *See Green v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002); *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999); *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998) (liability must be based upon active unconstitutional behavior). *See also Hafer v. Melo*, 502 U.S. 21, 25, 112 S. Ct. 358, 116 L. Ed. 2d 301 (1991) (stating that to establish personal liability of a government official under § 1983, a plaintiff must show that the official *caused* the deprivation of a federal right). Furthermore, liability under section 1983 must be based on more

8

than merely the right to control employees. *Polk Co. v. Dodson*, 454 U.S. 312, 325-26, 102 S. Ct. 445, 70 L. Ed. 2d 509 (1981); *Monell v. New York City Dep't of Social Services*, 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). A party cannot be held liable under section 1983 absent a showing that the party personally participated in, or otherwise authorized, approved or knowingly acquiesced in, the allegedly unconstitutional conduct. *See, e.g., Leach v. Shelby Co. Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989); *Hays v. Jefferson*, 668 F.2d 869, 874 (6th Cir. 1982); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Defendants are correct that Plaintiff's allegations fail to allege that Defendant Eichenlaub, as Warden, did anything but "fail to control" his staff. Therefore, this provides an alternative ground to dismiss Defendant Eichenlaub.

However, Plaintiff's complaint specifically alleges that Defendant Bradley made racial or religious slurs such as calling Plaintiff a "terrorist." (Dkt. 1 at 3, 22.) His complaint also mentions actions by Defendant Curtis (Dkt. 1 at 12, 17,) and by Defendant Webber. (Dkt. 1 at 3, 15, 22.) Therefore, I suggest that this is not an alternative ground upon which to dismiss Defendants Bradley, Curtis or Webber.

Finally, Defendants correctly assert that Plaintiff's official capacity claims should be dismissed because a claim against a federal employee sued in their official capacity cannot proceed unless sovereign immunity has been expressly waived, which it has nots not the case. *Blakely v. United States*, 276 F.3d 853, 870 (6th Cir. 2002). Therefore, I suggest that the official capacity claims could be dismissed on this ground as well.

I do not address Defendants' defense of qualified immunity since I recommend dismissal based on the reasons stated above.

    **E.**    **Conclusion**

For all the reasons stated above, I recommend that Defendants' motion to dismiss be granted and the case be dismissed in its entirety with prejudice.

## III.  REVIEW

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005).  The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation.  *McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co.,* 454 F.3d at 596-97.  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.


                                              s/ *Charles E. Binder*
                                              CHARLES E. BINDER
Dated: February 3, 2009                United States Magistrate Judge


### CERTIFICATION

I hereby certify that this Report and Recommendation was electronically filed this date, electronically served on William L. Woodard, Patricia G. Gaedeke, and on Ahmad Jebril # 31943039 by first class mail at Three Rivers FCI, P.O. Box 4200, Three Rivers, TX 78071, and served on U.S. District Judge Battani in the traditional manner.

Date:  February 3, 2009                By:  s/Patricia T. Morris
                                                 Law Clerk to Magistrate Judge Binder