UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AHMAD JEBRIL,

        Plaintiff,

  v.

                              Case No. 2:08-cv-10151
                              Judge: MARIANNE O. BATTANI
                              Mag. Judge: CHARLES E. BINDER

L.C. EICHENLAUB, MUKHTAR
CURTIS, JODI BRADLEY, and
GREG WEBER,

        Defendants.

_____/

## DEFENDANTS' SUPPLEMENTAL MOTION TO DISMISS

Defendants Mukhtar Curtis, Jodi Bradley, and Greg Weber, by and through their attorneys, Terrence Berg, United States Attorney for the Eastern District of Michigan, and William L. Woodard, Assistant United States Attorney, move this Court, pursuant to Fed.R.Civ.P. 12(b)(6), to dismiss the claims that survived this Court's Opinion and Order Accepting in Part and Rejecting in Part the Magistrate Judge's Report and Recommendation and Granting in Part and Denying in Part Defendant's Motion to Dismiss, which was issued on August 7, 2009. The surviving claims allege that: (1) plaintiff's first amendment rights were violated when his legal mail was confiscated while he was in SHU; (2) plaintiff's eighth amendment rights were violated when he was deprived of some meals while in SHU; and (3) plaintiff's right to practice his religion free of retaliation was violated when he was confined in SHU and deprived of meals, verbally harassed, and had his mail and property confiscated.

These claims should be dismissed because plaintiff failed to exhaust his administrative remedies relative to them, as required by the Prison Litigation Reform Act. The grounds for this motion are set forth with more specificity in the attached supporting brief.

                              Respectfully submitted,

                              TERRENCE BERG
                              United States Attorney

                              *s/William L. Woodard*
                              WILLIAM L. WOODARD
                              Assistant United States Attorney
                              211 West Fort Street, Suite 2001
                              Detroit, MI 48226
                              Tel: (313) 226-9786
                              E-mail: william.woodard@usdoj.gov
                              (P27404)

Dated: September 18, 2009

OF COUNSEL:

Amy J. Standefer-Malott
Senior Attorney
Federal Bureau of Prisons
Consolidated Legal Center
Robert A. Young Building
1222 Spruce St., Ste. 6.200A
St. Louis, MO 63103
Tel: (314) 539-2384

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AHMAD JEBRIL,

      Plaintiff,

  v.

                                     Case No. 2:08-cv-10151
                                     Judge: MARIANNE O. BATTANI
                                     Mag. Judge: CHARLES E. BINDER

L.C. EICHENLAUB, MUKHTAR
CURTIS, JODI BRADLEY, and
GREG WEBER,

      Defendants.

_____/

**BRIEF IN SUPPORT**
**DEFENDANTS' SUPPLEMENTAL MOTION TO DISMISS**

**ISSUE**

WHETHER PLAINTIFF'S CLAIMS ARE BARRED BY THE PRISON LITIGATION REFORM ACT BECAUSE PLAINTIFF FAILED TO EXHAUST HIS ADMINISTRATIVE REMEDIES?

# **CONTROLLING AUTHORITIES**

**Cases:**

*Amini v. Oberlin College*,
    259 F.3d 493 (6h Cir. 2001)

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544, 127 S.Ct. 1955 (2007)

*Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*,
    403 U.S. 388 (1971)

*Booth v. Churner*,
    532 U.S. 731 (2001)

*Chapman v. City of Detroit*,
    808 F.2d 459 (6th Cir. 1986)

*Conley v. Gibson*,
    355 U.S. 41 (1957)

*DirecTV, Inc. v. Treesh*,
    487 F.3d 471 (6th Cir. 2007)

*Evans-Marshall v. Bd. of Educ.*,
    428 F.3d 223 (6th Cir. 2005)

*Freeman v. Francis*,
    196 F.3d 641 (6th Cir. 1999)

*Gregory v. Shelby County*,
    220 F.3d 433 (6th Cir. 2000)

*Haines v. Kerner*,
    404 U.S. 519 (1972)

*Hartsfield v. Vidor*,
    199 F.3d 305 (6th Cir. 1999)

*Jackson v. Walker*,
    2008 WL 559693 (E.D. Ky. Feb. 27, 2008)

*Jones v. Bock*,
    549 U.S. 199 (2007)

*Lillard v. Shelby County Bd. of Educ.*,
    76 F.3d 716 (6th Cir. 1996)

*Moorer v. Price*,
    83 Fed.Appx. 770 (6th Cir. 2003)

*Morgan v. Church's Fried Chicken*,
    829 F.2d 10 (6th Cir. 1987)

*Perez v. Wisconsin Dept. of Corrections*,
    182 F.3d 532 (7th Cir. 1999)

*Porter v. Nussle*,
    534 U.S. 516 (2002)

*Rossborough Mfg. Co. v. Trimble*,
    301 F.3d 482 (6th Cir. 2002)

*Wells v. Brown*,
    891 F.2d 591 (6th Cir. 1989)

*Woodford v. Ngo*,
    548 U.S. 81 (2006)

*Wright v. Morris*,
    111 F.3d 414 (6th Cir. 1997)

**Statutes:**

28 U.S.C. § 2241

42 U.S.C. §1997e(a)

**Other Authorities:**

Fed.R.Civ.P. 8(a)

Fed.R.Civ.P. 12(b)(6)

28 C.F.R. § 542.13

28 C.F.R. § 542.15

**STATEMENT OF FACTS**

This is a *pro se* action brought by Ahmad Jebril ("Jebril"), a federal prisoner. On December 12, 2005, Jebril was sentenced to a 70-month term of imprisonment as a result of his convictions for several federal criminal offenses. (Exh.1: Judgment - Case No. 03-80810). On February 28, 2007, following his conviction on other federal charges, he received an additional 30 months of imprisonment consecutive to his 70-month sentence. (Exh 2: Judgment - Case No. 05-80175). His projected release date is April 1, 2012. (Exh.3: Public Information Data Sheet).

Jebril was initially designated to serve his sentence at the Federal Correctional Institution at Milan, Michigan. ("FCI Milan"). (Exh. 3: Public Information Data Sheet). He remained at FCI Milan until August 8, 2007, when he was transferred to the Federal Correctional Institution at Three Rivers, Texas. ("FCI Three Rivers"). While at FCI Milan, from December 11, 2006, until his transfer on August 8, 2007, Jebril was housed in the Special Housing Unit ("SHU"). (Exh. 3: Public Information Data Sheet; Exh. 4: Habeas Petition/Complaint, p.2).

On November 8, 2007, Jebril initiated this action in the Southern District of Texas where he sued various prison officials at FCI Three Rivers and FCI Milan. He commenced this action as a habeas corpus petition pursuant to 28 U.S.C. § 2241. (Exh. 4: Habeas Petition/Complaint). On December 26, 2007, an order was entered in the Southern District of Texas allowing Jebril to file an amended complaint converting his suit to a civil rights action. (Exh. 5: Order Granting Motion to Amend Complaint). It does not appear that Jebril ever filed an amended complaint.

The FCI Milan officials who were initially named as defendants were L.C. Eichenlaub, former Warden at FCI Milan; Mukhtar Curtis, Head Chaplain at FCI Milan; and Jodi Bradley,

1

former Captain at FCI Milan. Later, Greg Weber, Special Investigative Agent at FCI Milan, was added as a defendant. (Exh. 4: Habeas Petition/Complaint; Exh. 5: Order Granting Motion to Amend Complaint).

On January 4, 2008, the Southern District of Texas severed and transferred plaintiff's claims against the FCI Milan defendants to the Eastern District of Michigan, and retained jurisdiction over plaintiff's claims against the FCI Three Rivers defendants. (Exh. 6: Order Severing and Transferring Certain Claims).

On March 10, 2008, this Court dismissed Jebril's habeas petition on grounds that his challenges to the conditions of confinement at FCI Milan were moot and that his constitutional rights were not violated by his transfer to FCI Three Rivers. (Exh. 7: Opinion and Order Granting Motion to Dismiss). Jebril then filed a motion to alter or amend the judgment on grounds that his pleading was erroneously treated as a habeas corpus petition and that it is instead a civil rights complaint brought under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). On May 14, 2008, this Court granted Jebril's motion, vacating its March 10 order of dismissal, and ordering the case reopened as a civil rights action. (Exh. 8: Order Granting Motion to Alter or Amend Judgment).

On September 26, 2008, defendants Eichenlaub, Curtis, Bradley, and Weber filed a motion to dismiss the complaint under Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted. Jebril filed a response brief, and defendants filed a reply brief. On February 3, 2009, the Magistrate Judge issued a Report and Recommendation recommending that defendants'

motion be granted and that the case be dismissed in its entirety with prejudice. (Exh. 9: Report and Recommendation).

Plaintiff filed objections, and on August 7, 2009, this Court issued an opinion and order accepting in part and rejecting in part the Magistrate Judge's Report and Recommendation, and granting in part and denying in part defendants' motion to dismiss. The Court dismissed all claims against Warden Eichenlaub. The Court also dismissed almost all claims made against the other defendants. However, construing the complaint liberally as it must in a *pro se* case, and allowing plaintiff to raise claims first mentioned in his responsive brief to the motion to dismiss, the Court found that the following claims should survive the motion to dismiss against defendants Curtis, Bradley, and Weber: (1) Jebril's first amendment rights were violated due to confiscation of his legal mail while he was in SHU; (2) Jebril's eighth amendment rights were violated due to deprivation of some of his meals while in SHU; and (3) Jebril's right to practice his religion free of retaliation was violated in the form of SHU confinement where he was deprived of meals, verbally harassed, and his mail and property were confiscated. (Exh. 10: Opinion and Order).

On August 21, 2009, the Court issued an Order for Further Proceedings which allows defendants to file any dispositive motions concerning the three surviving claims by September 18, 2009. The Court noted that at least two of the surviving claims were first raised in plaintiff's responsive brief to the motion to dismiss and, thus, had not been addressed by defendants in their motion to dismiss. Plaintiff was given to October 16, 2008, to file a response. (Exh. 11: Order for Further Proceedings).

3

Defendants Curtis, Bradley, and Weber now bring this supplemental motion to dismiss under Fed.R.Civ.P. 12(b)(6).

## **ARGUMENT**

PLAINTIFF'S CLAIMS ARE BARRED BY THE PRISON LITIGATION REFORM ACT BECAUSE PLAINTIFF FAILED TO EXHAUST HIS ADMINISTRATIVE REMEDIES RELATIVE TO THEM.

A. Introduction.

The claims remaining against defendants Curtis, Bradley, and Weber are as follows: (1) Jebril's first amendment rights were violated when his legal mail was confiscated while he was in SHU; (2) Jebril's eighth amendment rights were violated when he was deprived of some meals while in SHU; and (3) Jebril's right to practice his religion free of retaliation was violated when he was confined in SHU and deprived of meals, verbally harassed, and had his mail and property confiscated. These claims are barred by the Prison Litigation Reform Act because Jebril failed to exhaust his administrative remedies relative to them before bringing this action.

B. Motion to Dismiss Standard.

A motion to dismiss under Fed.R.Civ.P. 12(b)(6) tests whether a cognizable claim has been pleaded in the complaint. When ruling on a Rule 12(b)(6) motion, the court must construe the complaint in a light most favorable to the plaintiff and accept the plaintiff's factual allegations as true. *Evans-Marshall v. Bd. of Educ.*, 428 F.3d 223, 228 (6th Cir. 2005); *Rossborough Mfg. Co. v. Trimble*, 301 F.3d 482, 489 (6th Cir. 2002). In doing so, "the court must draw all reasonable inferences in favor of the plaintiff." *DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007).

4

Yet, the court need not accept as true legal conclusions, opinions, or unwarranted factual inferences, even if couched as factual allegations. *Gregory v. Shelby County*, 220 F.3d 433, 466 (6th Cir. 2000); *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). Although the facts alleged in the complaint need not be detailed, the plaintiff must set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1974 (2007).

Though decidedly liberal, this standard of review requires more than the bare assertion of legal conclusions. *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996). The Supreme Court has elucidated the following standard:

> [A] plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the complaint's allegations are true.

*Twombly*, 127 S.Ct. at 1864-65 (citing Fed.R.Civ.P. 8(a)). Further, the complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). In application, a "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Lillard*, 76 F.3d at 726 (citation omitted).

Where a plaintiff is *pro se*, courts construe the complaint liberally, and do not hold it to the same stringent standard as formal pleadings drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, it is not the role of the court to guess the nature of the claim or claims asserted. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986).

In determining whether to grant a Rule 12(b)(6) motion, the court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint also may be taken into account." *Amini v. Oberlin College*, 259 F.3d 493, 502 (6h Cir. 2001) (emphasis omitted) (quoting *Nieman v. NLO, Inc.*, 108 F.3d 1546, 1554 (6th Cir. 1997).

C. PLRA's Exhaustion Requirement.

Under the Prison Litigation Reform Act ("PLRA"), a prisoner bringing a civil action in federal court challenging any aspect of prison life must first exhaust such administrative remedies as are available to the prisoner. 42 U.S.C. §1997e(a); *Porter v. Nussle*, 534 U.S. 516, 519, 532 (2002). One of the purposes served by the exhaustion requirement is to "affor[d] corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case." *Porter v Nussle*, 534 U.S. at 525. The benefits of exhaustion "can be realized only if the prison grievance system is given a fair opportunity to consider the grievance. The prison grievance system will not have an opportunity unless the grievant complies with the system's critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 95 (2006).

Exhaustion is mandatory and is not left to the discretion of the court. *Id*. at 85. Exhaustion is a prerequisite to suit. *Porter v. Nussle*, 534 U.S. at 524. Exhaustion is required even where the administrative remedies available do not include an award of money damages and the prisoner's suit seeks money damages. *Booth v. Churner*, 532 U.S. 731, 741 (2001).

Only those allegations based upon matters that have been fully exhausted prior to filing the civil action can proceed. *See Perez v. Wisconsin Dept. of Corrections*, 182 F.3d 532, 535 (7th Cir.

1999). PLRA exhaustion requires "proper" exhaustion, which demands compliance with an agency's deadlines and other critical procedural rules. *Woodford v. Ngo*, 548 U.S. at 90-91.

The burden rests on the defendant to show that a plaintiff failed to exhaust his administrative grievance remedies when asserting exhaustion as an affirmative defense. *Jones v. Bock*, 549 U.S. 199, 216-17 (2007). The Supreme Court defined the level of detail necessary to exhaust as compliance with the administrative grievance process. *Id.*

        D.        <u>BOP's Administrative Grievance Process</u>.

The Bureau of Prisons provides a three-step administrative remedy program to review any complaint by a prisoner that relates to any aspect of the inmate's confinement. Under this process, inmates shall first attempt informal resolution of their complaints by discussing the matter with a member of their Unit Team. 28 C.F.R. § 542.13. If informal resolution is insufficient to resolve the matter, the inmate may file a formal complaint with the Warden (commonly referred to as a BP-9) within 20 days of the date on which the basis of the complaint occurred. 28 C.F.R. § 542.13. If the inmate is not satisfied with the Warden's response, within 20 days, he or she may appeal the response to the Regional Director (commonly referred to as a BP-10). 28 C.F.R. § 542.15. If the inmate is dissatisfied with the regional response, within 30 days, he or she may file a national appeal with the Office of General Counsel in Washington, D.C. (commonly referred to as a BP-11). 28 C.F.R. § 542.15. Appeal to the Office of General Counsel is the final administrative appeal in the Bureau of Prisons, and an issue is considered exhausted after completion of this level. (Exh. 12: Declaration of Amy J. Standefer-Malott, ¶ 4).

E.    Jebril's Administrative Grievance.

All prisoner requests for administrative remedies are logged and tracked in the SENTRY computer program, which is an electronic record keeping system used by the BOP. (Exh. 12: Standefer-Malott Dec., ¶ 5). A review of Jebril's SENTRY records shows that he did not exhaust his administrative remedies regarding his claims that: (1) his first amendment rights were violated by confiscation of his legal while he was in SHU; (2) his eighth amendment rights were violated when he was deprived of some meals while in SHU; or (3) his right to practice his religion free of retaliation was violated when he was confined in SHU and deprived of meals, verbally harassed, and had his mail and property confiscated. (Exh. 12: Standefer-Malott Dec., ¶ 6).

One of Jebril's requests for administrative remedies, request number 454320, was initiated during the period that he was in SHU. On June 4, 2007, while at FCI Milan, Jebril sought informal resolution of the following complaint: "I was placed in the SHU since 12/11/06 then informed I'm due to be transported to another prison and was not informed the reason why I'm being transferred when my family are so far away and mother is very ill." The action he requested to correct his complaint was as follows: "I know my transfer is discr[imination] as a practicing Muslim even though I was born here. I ask that I be transferred to a [cam]p since my custody level is at camp. Otherwise I demand an investigation into the discrimination of my transfer and ask to stay in Milan." (Exh. 4: Habeas Petition/Complaint, pp. 1-2; Exh. 12: Standefer-Malott Dec., ¶ 7 and Exh. C).

Although Jebril's request for informal resolution made passing reference to the fact that he was held in SHU, his complaint was about his proposed transfer to another prison facility, not his placement in SHU. His request for informal resolution did not state, much less complain, that his

8

mail (legal or otherwise) had been confiscated, that he had been denied meals, that he was being verbally harassed, or that his property had been confiscated, while in SHU or at any other time. (Exh. 12: Standefer-Malott Dec., ¶ 7 and Exh. C).

On June 12, 2007, Jebril filed a formal complaint with the Warden by submitting a BP-9, dated June 6, 2007, complaining that his proposed transfer to another prison was in retaliation for his religious practices and asking that he instead be transferred to a camp. His BP-9 again mentioned that he was being held in SHU, but did not challenge his placement there. Like his written request for informal resolution, his BP-9 made no claim that his mail (legal or otherwise) had been confiscated, that he had been denied meals, that he had been verbally harassed, or that his property had been wrongfully confiscated. (Exh. 12: Standefer-Malott Dec., ¶ 7 and Exh. C).

On June 20, 2007, the Warden denied Jebril's BP-9. The Warden described Jebril's complaint as follows: "[Y]ou claim you have been discriminated against and you request a transfer to a camp facility or remain at FCI Milan, Michigan." In denying Jebril's BP-9, the Warden explained, "You have been referred for a transfer as a result of an SIS investigation for attempting to organize private religious meetings at FCI Milan. It has been determined you are no longer appropriate for this institution and require greater security than is available at FCI Milan. You have not provided any evidence that you have been discriminated against because of your religious preference." (Exh. 12: Standefer-Malott Dec., ¶ 7 and Exh. C).

Jebril then filed a regional appeal on a BP-10, dated June 27, 2007, in which he claimed that his transfer to another facility was discriminatory and retaliatory in nature due to his Muslim faith. His BP-10 made no reference to his having been placed in SHU, nor did it claim that his mail (legal

or otherwise) had been confiscated, his meals denied, that he was verbally harassed, or that his property had been confiscated. (Exh. 12: Standefer-Malott Dec., ¶ 7 and Exh. C).

On July 12, 2007, the BOP Regional Director denied Jebril's BP-10. The Regional Director described Jebril's complaint as follows: "[Y]ou claim your transfer to another facility is discriminatory and retaliatory in nature due to your Muslim faith. * * * For relief, you request a transfer to a camp or continued confinement at FCI Milan, a facility close to your family in Michigan." The Regional Director denied Jebril's BP-10 on grounds that "you are pending a transfer as a result of an SIS investigation for attempting to organize private religious meetings at FCI Milan." (Exh. 12: Standefer-Malott Dec., ¶ 7 and Exh. C).

Jebril then filed an appeal to the national office on a BP-11, dated August 3, 2007. Again, Jebril complained that his proposed transfer was in retaliation for his religious practices. He did not complain about having been placed in SHU, about his mail (legal or otherwise) being confiscated, that he had been denied meals, that he was verbally harassed, or that his property had been confiscated. (Exh. 12: Standefer-Malott Dec., ¶ 7 and Exh. C).

On October 9, 2007, the Administrator of National Inmate Appeals denied Jebril's BP-11, addressing plaintiff's claim that he was improperly transferred. The Administrator found: "As noted by the Regional Director, based on SIS Investigation, staff determined you were no longer appropriate for FCI Milan and required greater security. Staff at the Designation and Sentence Computation Center reviewed your case and approved your transfer to FCI Three Rivers. Accordingly, we find you are appropriately designated and therefore concur with the responses

10

[provided by the Warden and Regional Director]." (Exh. 12: Standefer-Malott Dec., ¶ 7 and Exh. C).

      F.     <u>Plaintiff Failed to Exhaust BOP's Administrative Grievance Process</u>.

As can be seen by the foregoing, at no point during the administrative grievance process did Jebril ever claim that his mail (legal or otherwise) had been confiscated, that he had been denied meals, that he was verbally harassed, or that his property had been confiscated. Thus, he failed to commence, much less exhaust, his administrative remedies relative to any claim that his first amendment rights were violated by confiscation of his legal mail while he was in SHU, that his eighth amendment rights were violated by deprivation of some meals while in SHU, or that his right to practice his religion free of retaliation was violated while he was in SHU by alleged deprivation of meals, verbal harassment, or confiscation of his mail and property.

Also, as can be seen by the foregoing, while Jebril's request for informal resolution and his BP-9 both mentioned that he was being held in SHU, neither of them claimed that his placement in SHU was wrongful or that he was placed in SHU in retaliation for his religious practices or beliefs. Even if he were to argue that his references to SHU in his request for informal resolution and BP-9 were somehow an obtuse complaint about his placement in SHU, there can be no question that Jebril failed to even mention SHU, much less complain about his placement there, in either his BP-10 or BP-11. Where a prisoner abandons the administrative process and fails to complete all steps, he has failed to exhaust his remedies in compliance with the PLRA. *Jackson v. Walker*, 2008 WL 559693 at *7 (E.D. Ky. Feb. 27, 2008) (copy attached as Exh. 13). Indeed, a prisoner does not exhaust available administrative remedies when he files a grievance but "d[oes] not appeal the denial of that

11

complaint to the highest possible administrative level. *Wright v. Morris*, 111 F.3d 414, 417 n. 3 (6th Cir. 1997); *see also*, *Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999). A prisoner may not abandon the process before completion and then claim that he exhausted his remedies or argue that it is now futile for him to do so. *Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999); *see also*, *Moorer v. Price*, 83 Fed.Appx. 770, 771 (6th Cir. 2003) ("The prisoner cannot abandon the process before completion and argue that he has exhausted his remedies or that it is futile for him to do so because his grievance is now time-barred under the regulations.") (copy attached as Exh. 14).

Thus, even if Jebril were to argue that he exhausted his administrative remedies relative to a claim that he was wrongfully confined in SHU by complaining about it in his request for informal resolution and in his BP-9, his exhaustion argument would still fail because he failed to raise that claim in either his regional appeal or his national appeal. He therefore failed to exhaust his administrative remedies relative to a claim that his placement in SHU violated his right not to be retaliated against for his religious beliefs. Accordingly, all of Jebril's remaining claims in this action should be dismissed because he failed to exhaust his administrative remedies relative to them.

## CONCLUSION

In light of the foregoing, defendants Mukhtar Curtis, Jodi Bradley, and Greg Weber respectfully request that this Court grant this supplemental motion to dismiss and enter an order dismissing all claims against them with prejudice.

                                                          Respectfully submitted,

                                                          TERRENCE BERG
                                                          United States Attorney

                                                          *s/William L. Woodard*
                                                          WILLIAM L. WOODARD
                                                          Assistant U.S. Attorney
                                                          211 West Fort Street, Suite 2001
                                                          Detroit, MI  48226-3211
                                                          Phone: (313) 226-9786
                                                          E-mail: william.woodard@usdoj.gov
                                                          (P27404)

Dated: September 18, 2009

OF COUNSEL:

Amy J. Standefer-Malott
Senior Attorney
Federal Bureau of Prisons
Consolidated Legal Center
Robert A. Young Building
1222 Spruce St., Ste. 6.200A
St. Louis, MO 63103
Tel: (314) 539-2384

**CERTIFICATE OF SERVICE**

I hereby certify that on September 18, 2009, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

> None

I further hereby certify that I have mailed by United States Postal Service the foregoing paper to the following non-ECF participants:

> Ahmad Jebril
> Reg. No. 31943039
> Three Rivers Federal Correctional Institution
> P.O. Box 4200
> Three Rivers, TX  78071

>>  *s/William L. Woodard*
>> WILLIAM L. WOODARD
>> Assistant United States Attorney
>> 211 W. Fort St., Ste. 2001
>> Detroit, MI 48226
>> Phone: (313) 226-9786
>> E-mail: william.woodard@usdoj.gov
>> (P27404)

Dated: September 18, 2009