**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

AHMAD JEBRIL,

    Petitioner,

CASE NO. 08-CV-10151

v.

DISTRICT JUDGE MARIANNE O. BATTANI
MAGISTRATE JUDGE CHARLES E. BINDER

AGENT WEBBER, C. EICHENLAUB,
MUKHTAR CURTIS, JODI BRADLEY,

    Respondents.

                              /

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON**
**DEFENDANTS' MOTION TO DISMISS**[1]
(Doc. 21)

## I.    RECOMMENDATION

For the reasons set forth below, **IT IS RECOMMENDED** that the motion to dismiss be **GRANTED** and that the case be **DISMISSED**.

## II.    REPORT

### A.    Introduction & Procedural History

Plaintiff[2] Ahmad Jebril is a federal prisoner who is currently incarcerated at the Federal Correctional Institution ("FCI") in Three Rivers, Texas. The case was initially viewed as a habeas

---

[1] As indicated later in this Report, because Defendants rely on documents outside the pleadings to support their argument, I construe the motion as one for summary judgment.

[2] Although the court's docket continues to refer to Ahmad Jebril as "Petitioner," ordinarily those who bring civil rights actions are generally referred to as "Plaintiffs." Since the docket is based on the initial reading of the case as seeking habeas relief and since that has been disproved, this Report will refer to Ahmad Jebril as Plaintiff rather than Petitioner and Respondents will be referred to as Defendants.

action under 28 U.S.C. § 2241, challenging the conditions of confinement and a decision to transfer him from FCI Milan in Michigan to FCI Three Rivers in Texas. The court granted Defendants' first motion to dismiss (Doc. 6), but later vacated that order and reopened the case on May 14, 2008, noting that the case was improperly filed as a habeas action when it actually raised civil rights claims. (Doc. 13.) Accordingly, the case is now properly viewed as a civil rights action.

On October 7, 2008, United States District Judge Marianne O. Battani referred all pretrial matters to the undersigned magistrate judge. (Doc. 22.) A previous Report and Recommendation (R&R) on Defendants' original motion to dismiss was adopted in part and rejected in by Judge Battani. (Doc. 39.) Accordingly, three claims remain, all of which relate to incidents which took place at FCI Milan: (1) violation of Plaintiff's First Amendment rights due to confiscation of legal mail while in Special Housing Unit (SHU); (2) violation of the Eighth Amendment due to deprivation of some of Plaintiff's meals while in SHU; and (3) violation of Plaintiff's right to practice his religion free of retaliation in the form of SHU confinement for eight months. (Doc. 43.) Defendants filed the instant supplemental motion to dismiss (Doc. 45), and although Plaintiff was given approximately one month to respond to the motion, no response has been filed to date.

Upon review of the documents, I conclude that, pursuant to E.D. Mich. LR 7.1(e)(2), this motion is ready for Report and Recommendation without oral argument.

**B.     Motion Standards**

Although Defendants titled their motion as a motion to dismiss, they rely on evidence outside of the pleadings to support their argument. Therefore, I will construe the motion as one for summary judgment.

2

Motions for summary judgment are governed by Rule 56(c) of the Federal Rules of Civil Procedure, and will be granted when "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). All facts and inferences must be viewed in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986).

The moving party has the initial burden of showing the absence of a genuine issue of material fact as to an essential element of the non-movant's case. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989) (citing *Celotex Corp. v Catrett*, 477 U.S. 317, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)). In determining whether the moving party has met its considerable burden, a court may consider the plausibility of the moving party's evidence. *Matsushita*, 475 U.S. at 587-88. Summary judgment is also proper where the moving party shows that the non-moving party is unable to meet its burden of proof. *Celotex*, 477 U.S. at 326.

The non-moving party has an obligation to respond to the motion and present "significant probative evidence" to show that "there is [more than] some metaphysical doubt as to the material facts." *Moore v. Philip Morris Cos.*, 8 F.3d 335, 339-40 (6th Cir. 1993). The non-moving party cannot rest merely on the pleadings alone. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 191 L. Ed. 2d 202 (1986).

After examining the evidence designated by the parties, the court then determines "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Booker v. Brown & Williamson Tobacco Co.,* 879 F.2d 1304, 1310 (6th Cir. 1989) (quoting *Anderson*, 477 U.S. at 251-52). Summary judgment will not be granted "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson*, 477 U.S. at 248.

Where a plaintiff is proceeding without the assistance of counsel, the court is required to liberally construe the complaint and hold it to a less stringent standard than a similar pleading drafted by an attorney. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). However, courts may not rewrite a complaint to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999), nor may courts construct the plaintiff's legal arguments for him. *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993). Courts are not to "conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to identify a claim not alleged in the complaint, *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975), because to hold otherwise would require the court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

The elements of a civil rights claim under 42 U.S.C. § 1983 are: (1) the violation of a right secured by the federal Constitution or federal law that was (2) committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). The same analysis applies to federal actors under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971). *Baranski v. Fifteen Unknown Agents*, 452 F.3d 433, 438 (6th Cir. 2006) (en banc).

**C.     Analysis & Conclusions**

4

Defendants' sole argument is that Plaintiff's complaint should be dismissed for failure to exhaust administrative remedies as required by the Prison Litigation Reform Act (PLRA). (Doc. 45.)

Prisoner civil rights cases are subject to the PLRA's mandate that "[n]o action shall be brought with respect to prison conditions under § 1983 . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Suits "brought with respect to prison conditions" includes "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532, 122 S. Ct. 983, 152 L. Ed. 2d 12 (2002). To exhaust a claim, a prisoner must proceed through all of the steps of a prison or jail's grievance process, because an inmate "cannot abandon the process before completion and claim that he has exhausted his remedies." *Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999). The Supreme Court held in *Woodford v. Ngo*, 548 U.S. 81, 126 S. Ct. 2378, 165 L. Ed. 2d 368 (2006), that failure to "properly" exhaust bars suit in federal court. "Proper exhaustion" means that the plaintiff complied with the administrative "agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Id*. at 2386.

In *Jones v. Bock*, 549 U.S.199, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007), the Court held that failure to exhaust is an affirmative defense. *Id.* at 216. The Court further held that "[t]he level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but **it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion**." *Jones,* 549 U.S. at 218 (emphasis added). There is no

5

futility exception to the exhaustion requirement. *Booth v. Churner*, 532 U.S. 731, 741, n. 6, 121 S. Ct. 1819, 149 L. Ed. 2d 958 (2001).

The Bureau of Prisons has a three-step administrative remedy process which all prisoners must exhaust before filing suit in federal court. 28 C.F.R. § 542.13-15 (2006). Federal prisoners must first attempt an informal resolution by presenting "an issue of concern informally to staff, and staff shall attempt to informally resolve the issue before an inmate submits a Request for Administrative Remedy." 28 C.F.R. § 542.13(a). "The deadline for completion of informal resolution and submission of a formal written Administrative Remedy Request, on the appropriate form (BP-9), is 20 calendar days following the date on which the basis for the Request occurred." 28 C.F.R. § 542.14(a). "An inmate who is not satisfied with the Warden's response may submit an Appeal on the appropriate form (BP-10) to the appropriate Regional Director within 20 calendar days of the date the Warden signed the response." 28 C.F.R. § 542.15(a). An inmate who is not satisfied with the Regional Director's response may submit an Appeal on the appropriate form (BP-11) to the General Counsel within 30 calendar days of the date the Regional Director signed the response. 28 C.F.R. § 542.15(a).

Defendants argue that "at no point in the administrative grievances process did Jebril ever claim that his mail (legal or otherwise) had been confiscated, that he had been denied meals, that he was verbally harassed, or that his property had been confiscated." (Doc. 45 at 17.) Defendants further argue that "even if Jebril were to argue that he exhausted his administrative remedies relative to a claim that he was wrongfully confined in SHU by complaining about it in his request for informal resolution and in his BP-9, his exhaustion argument would still fail because he failed to raise that claim in either his regional appeal or his national appeal." (Doc. 45 at 18.)

6

Defendants attach a Declaration of Amy J. Standefer-Malott, an attorney with the Department of Justice, Federal Bureau of Prisons (BOP), wherein she states that she has reviewed the SENTRY electronic record keeping system used by the BOP for all administrative remedies submitted by Plaintiff at FCI Milan. (Doc. 45, Ex. 12, ¶ 5.) Ms. Standefer-Malott indicates that although Plaintiff exhausted his claim that his transfer was made in retaliation for his practicing his religious beliefs (#454320), he has not exhausted his administrative remedies with regard to any of the claims currently pending before this Court. (Doc. 45, Ex. 12 ¶¶ 6, 7.) Attached to her declaration are printouts from the SENTRY docket and copies of the forms Plaintiff submitted. (Doc. 45 at Ex. 12.) Defendants note that although Plaintiff was incarcerated in SHU at the time his complaint (BP-9 form) was that he was being transferred in retaliation for practicing the Muslim religion and he did not complain about being held in SHU, nor did he complain about deprivation of meals or confiscation of legal mail. (Doc. 45 at 15; Ex. 12.) Plaintiff has not responded and, thus, offers no evidence to the contrary. Accordingly, I suggest that Defendants' motion should be granted and the case dismissed.

### D.    Conclusion

For all the reasons stated above, I recommend that Defendants' motion be granted and the case be dismissed in its entirety.

## III.   REVIEW

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596

7

(6th Cir. 2006); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co.,* 454 F.3d at 596-97. Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

                                                               s/ *Charles E. Binder*
                                                           CHARLES E. BINDER
Dated: November 19, 2009                  United States Magistrate Judge

**CERTIFICATION**

       I hereby certify that this Report and Recommendation was electronically filed this date, electronically served on counsel of record via the Court's ECF System and served on the following non-ECF participant via the United States Postal Service: Ahmad Jebril # 31943039, Three Rivers FCI, P.O. Box 4200, Three Rivers, TX 78071.

Date:  November 19, 2009                       By:  s/Patricia T. Morris
                                                                           Law Clerk to Magistrate Judge Binder